JOHN W. BALLEW, APPELLEE, v. MARGARET ANN BALLEW, APPELLANT.

191 N. W. 2d 462

Filed November 5, 1971. No. 37923.

A. James McArthur, for appellant.

Cline, Williams, Wright, Johnson & Oldfather and Charles E. Wright, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action to terminate a husband's obligation to make periodic alimony payments required by a divorce decree. The effect of the wife's remarriage and a subsequent annulment of the second marriage are the critical issues. The separate juvenile court modified the divorce decree and terminated the alimony payments.

The husband and wife were divorced and decree entered in the district court for Lancaster County, Nebraska, December 19, 1968. The decree approved and incorporated a settlement agreement between the parties. It required the husband to make monthly payments to the wife "during her lifetime and so long as the wife shall not remarry * * *," and provided that "the obligation of the husband to make periodic payments pursuant to this paragraph shall terminate on the death or remarriage of the wife." On June 30, 1969, the wife and one Aaron L. Unger were married in Lincoln County, Nebraska, under a marriage license obtained in Lancaster County, Nebraska. In July 1969, the wife and her new husband learned of the irregularity in their June marriage occasioned by the variance between the county of issuance of the license and the county in which the marriage occurred. On August 2, 1969, they were again married in Hall County, Nebraska. Thereafter, the wife began proceedings to terminate the marriage, apparently based on misrepresentation. On May 20, 1970, the district court for Lancaster County, Ne-

braska, entered its decree annulling the June and August marriages.

The husband remarried on April 28, 1970. In July 1970, he filed his petition for modification of the original divorce decree to eliminate alimony payments to the wife. On November 2, 1970, the separate juvenile court of Lancaster County entered its decree terminating the alimony payments as of June 30, 1969.

Essentially, the wife argues here that a provision in a divorce decree terminating alimony upon remarriage by the wife is not effective unless and until there has been a valid remarriage. The wife's argument rests on the assumption that when a voidable marriage is annulled, the decree relates back, makes the marriage void as though it had never occurred, and reinstates the original alimony decree. We cannot agree.

The issues have been considered by many courts. The most common basis for decision in this area seems to turn on the distinction between a void and a voidable remarriage. The great majority of courts have held that a wife's voidable remarriage terminates the prior husband's obligation for alimony, and that the termination of a voidable second marriage does not reinstate a right of support from the first husband merely because support is unavailable from the second. See Annotation, 48 A. L. R. 2d 270. For a discussion of policy considerations and current viewpoints, see Flaxman v. Flaxman, 57 N. J. 458, 273 A. 2d 567 (1971). Some states have held that where the second marriage was void as distinguished from voidable, the remarriage did not terminate the obligation of the first husband for alimony. See Johnson County Nat. Bank & Trust Co. v. Bach, 189 Kan. 291, 369 P. 2d 231.

At the very least, the facts in the case at bar establish that the remarriage here was voidable and not void. In this state, a voidable marriage is legally valid for all civil purposes until its nullity is so pronounced. Christensen v. Christensen, 144 Neb. 763, 14 N. W. 2d 613.

It is obvious that where a remarriage is terminated by the death of the husband, or by a decree of divorce, the wife is not entitled to reinstatement of a former husband's obligation to support her, regardless of whether any support is or is not available from the subsequent husband.

We see no reason to distinguish between a decree of divorce and a decree of annulment, at least where the annulment is based on grounds which render the marriage voidable rather than void. The fact that in many cases a wife may have the option of obtaining an annulment or a divorce should not give her a choice between two sources of support. We have held that even where a divorce decree requiring periodic alimony payments contains no provisions as to remarriage, the remarriage of a divorced wife establishes a prima facie case which requires the court to terminate alimony in the absence of proof of some extraordinary circumstance justifying its continuation. Wolter v. Wolter, 183 Neb. 160, 158 N. W. 2d 616.

In the case before us, the decree incorporated a settlement agreement and required alimony payments "so long as the wife shall not remarry" and provided that the obligation to make alimony payments "shall terminate on the death or remarriage of the wife." The wife is presumed to have known and understood the provisions of the divorce decree. There is no showing that she was incompetent or feebleminded, nor that the remarriage which she entered into was in any sense involuntary.

We hold that under a divorce decree providing that alimony payments shall terminate upon remarriage of the wife, the right of the divorced wife to receive such payments is terminated upon remarriage and is not revived by an annulment of her remarriage on grounds which rendered the remarriage voidable.

The judgment of the district court was correct and is affirmed.

AFFIRMED.